FILED
 2017 Feb-28  PM 02:54
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VERTIS ANTHONY, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 7:16-cv-00649-KOB-SGC |
| CHRISTOPHER GORDY, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Vertis Anthony, has filed an amended petition for writ of habeas corpus on the form typically used to assert claims under 28 U.S.C. § 2241. (Doc. 3). On November 15, 2016, the magistrate judge entered a report recommending Petitioner's habeas claims be dismissed or denied as moot and further recommending that Petitioner's claims be recharacterized as arising under 42 U.S.C. § 1983. (Doc. 12). On November 29, 2016, the court received Petitioner's objections. (Doc. 13).[1] For the reasons discussed below, the court will ADOPT the magistrate judge's report and report as modified and ACCEPT her recommendations.

**I.    DISCUSSION**

The amended petition asserts claims under a number of different theories, including habeas claims under 28 U.S.C. §§ 2241 and 2254, as well as civil claims under 42 U.S.C. § 1983. Petitioner's claims are discussed in turn.

---

[1] On December 19, 2016, the court received two motions filed by Petitioner: (1) a motion requesting bond (Doc. 14); and (2) a motion requesting alternative sentencing via electronic monitoring (Doc. 15). In light of the conclusions reached in this Memorandum Opinion and Order, these motions are **DENIED**.

**A.     § 2241 Claims**

The magistrate judge interpreted Petitioner's § 2241 claims as arising from (1) Petitioner's prolonged segregation following a prison disciplinary proceeding; and (2) the Alabama Department of Correction's application of the "R" designation to Petitioner. (Doc. 12 at 2-5). The report and recommendation concluded that any § 2241 claim related to Petitioner's prolonged segregation was made moot by Petitioner's return to general population. The magistrate judge concluded Petitioner's claims related to the "R" designation were not recognized under § 2241 because prisoners do not have a constitutionally protected interest in their classification status.

Petitioner's objections take issue with both conclusions concerning the § 2241 claims. (Doc. 13 at 3-6). Petitioner's objections regarding his prolonged segregation do not overcome the conclusion that any § 2241 claim based on this ground was made moot by his release from segregation. (*See id.* at 3-4).[2] Likewise, Petitioner's objections regarding the "R" Designation do not alter the conclusion that his ADOC classification status does not provide grounds for habeas relief. (*See* Doc. 12 at 2-5).

Additionally, although not noted by the magistrate judge, the claims related to the "R" designation also lack merit. Petitioner's principal objection is that the "R" designation prevents him from earning "good time" credits to achieve an early release. (Doc. 13 at 4-5). Any such claim is meritless under Alabama law, which provides that good time credits are not available to several categories of inmates, including those who receive a sentence exceeding fifteen years. ALA. CODE § 14-9-41(e). Here, Petitioner was sentenced to thirty-five years for attempted murder. *Alabama*

---

[2] While § 2241 no longer provides Petitioner with relief for his prolonged segregation, he can still seek relief under § 1983.

*v. Anthony*, No. 2010-85 (Bullock Cty. Cir. Ct. *entered* Dec. 8, 2011).  Accordingly, regardless of ADOC's classification of Petitioner, he is ineligible for good time credits under Alabama law.

For the foregoing reasons, the court will adopt and accept the magistrate judge's conclusions regarding Petitioner's § 2241 claims, as modified above.

    **B.**    **§ 2254 Claims**

The magistrate judge concluded that any § 2254 claims Petitioner might assert were barred as successive under 28 U.S.C. § 2244(b)(3)(A).  (Doc. 12 at 2).  This conclusion was based on Petitioner's previously filed § 2254 petition captioned as *Anthony v. Attorney General*, No. 2:15-cv-0618-MHT-WC (M.D. Ala. *filed* Aug. 27, 2015).  However, because that previously-filed habeas petition remains pending in the Middle District of Alabama, the bar on second or successive § 2254 petitions appears to be inappropriate here.  *See Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) ("second or successive status only attaches to a *judgment on the merits*") (citing *Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000) (emphasis added).  Nonetheless, because any § 2254 claims presented in the instant petition are time-barred and procedurally defaulted, the undersigned will accept the magistrate judge's ultimate recommendation to dismiss any § 2254 claims, albeit on different rationale.

Petitioner acknowledges he was convicted of attempted murder in the Bullock County Circuit Court and sentenced to thirty-five years imprisonment on December 8, 2011.  (*See* Doc. 3 at 1).  Review of the state court record reveals that, on direct appeal, the Court of Criminal Appeals affirmed on September 21, 2012, and issued a certificate of judgment on November 21, 2012.  *See Anthony v. State*, No. CR-13-0698 (Ala. Ct. Crim. App. *Mem. Op. entered* March 6, 2015).  On September 11, 2013, Petitioner filed a petition pursuant to Rule 32 of the *Alabama Rules of Criminal*

3

*Procedure* ("Rule 32 Petition"). The sentencing court denied the Rule 32 Petition on January 21, 2014, and the Court of Criminal Appeals affirmed on March 6, 2015. The Court of Criminal Appeals issued a certificate of judgment on May 6, 2015. *See* (Doc. 3). The instant petition was filed on April 22, 2016.[3]

A federal district court is authorized to entertain an application for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court where the petitioner alleges he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Regarding the statute of limitations applicable to a petition for writ of habeas corpus, Congress has provided:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] The original petition is a nearly blank, unsigned, undated, hand-written copy of a form used to assert claims under § 2254. (Doc. 1). Because the initial filing was undated, the undersigned will construe the petition as being filed on the date it was received by the Clerk, the only date available.

28 U.S.C. § 2244(d)(1). Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals but does not seek certiorari review in the Alabama Supreme Court, his conviction becomes "final" for purposes of § 2244(d)(1)(A) no later than the date on which the Alabama Court of Criminal Appeals issues its certificate of judgment. *See Cox v. Ferrell,* 262 F. App'x 147, 148 (11th Cir. 2008); *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006); *Williams v. Allen*, 2010 WL 5477762, *4 n.7 (S.D. Ala. Nov. 30, 2010); *see also Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v. Mitchem,* No. 11-2197, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (citing *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *see McCloud*, 560 F.3d at 1227. Additionally, federal habeas petitions do not trigger any tolling of the time limit under § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 173-74 (2001).

Equitable tolling is available only where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

5

timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). The Eleventh Circuit has explained:

> Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Thus, we have concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The petitioner bears the burden of showing that equitable tolling is warranted. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

*Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009); *see also Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

In addition to the time limitations discussed above, a state prisoner is generally ineligible for federal habeas relief unless he has first exhausted the remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Secretary for Dept. of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). A state prisoner must first present any federal constitutional or statutory claim through one complete round of the state's trial and appellate review process, either on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007). Thus, an Alabama state prisoner must attempt to present his claims to the Alabama Supreme Court. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001). Where a claim has not been exhausted in the state courts and the time in which to present the claim there has expired, the claim is deemed procedurally defaulted, and review in the federal courts of that claim is generally precluded. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).

Applying this law to the facts presented here, it appears any § 2254 claims asserted in the instant petition are both time-barred and procedurally defaulted. Regarding timeliness, the § 2244(d)(1)(A) limitation period began to run on November 21, 2012, when Petitioner's conviction became final by virtue of the Court of Criminal Appeals' issuance of a certificate of judgment on Petitioner's direct appeal. The limitation period ran for 294 days until September 11, 2013, when it was statutorily tolled under § 2244(d)(2) by Petitioner's Rule 32 Petition. The limitation period began to run again on May 6, 2015, when the Court of Criminal Appeals issued a certificate of judgment on the Rule 32 Petition. The limitation period expired seventy-one days later on July 16, 2015. Petitioner alleges no facts that would entitle him to equitable tolling. Accordingly, because Petitioner did not file the instant petition until more than nine months after the limitation period ran, it appears from the face of the petition that any claims under § 2254 are time-barred.

Additionally, Petitioner never presented any of these claims to the Alabama Supreme Court, either on direct appeal or via the Rule 32 Petition. Accordingly, his federal habeas claims are unexhausted. Further, any attempt to exhaust state remedies now would be futile. *See* ALA. R. CRIM. PRO. 32(a)(4), (b)-(c). The petition alleges no facts that would excuse this procedural default. Accordingly, the face of the petition shows that any claims under § 2254 are procedurally defaulted.

For the foregoing reasons the magistrate judge's report and recommendation will be adopted and accepted as modified above.

**C.    § 1983 Claims**

The amended petition explicitly invokes 42 U.S.C. § 1983 and demands monetary damages. The report and recommendation concluded that any surviving claims should be recharacterized as arising under § 1983 and handled accordingly. Petitioner has not specifically objected to this

conclusion, and because none of Petitioner's habeas claims will survive, it appears appropriate to proceed with Petitioner's § 1983 claims. Accordingly, the court will adopt and accept the report and recommendation regarding Petitioner's § 1983 claims.

## II.    CONCLUSION

After careful consideration of the record in this case, the report and recommendation, and Petitioner's objections, the court hereby **ADOPTS** the report of the magistrate judge as modified above and **ACCEPTS** her recommendations. Petitioner's objections (Doc. 13) are **OVERRULED**.

Accordingly, Petitioner's habeas claims are **DISMISSED**. Specifically, Petitioner's § 2254 claims are **DISMISSED** as time-barred and unexhausted and Petitioner's § 2241 claims are (1) **DENIED** as **MOOT** to the extent they concern Petitioner's prolonged confinement in segregation; and (2) **DENIED** to the extent they concern ADOC's application of the "R" designation to Petitioner. Accordingly, the motion (Doc. 10) for release on bail pending habeas review is **DENIED** as **MOOT**. This matter is **RECHARACTERIZED** as invoking 42 U.S.C. § 1983. The Clerk is **DIRECTED** to amend the docket sheet to reflect this recharacterization.

DONE and ORDERED this 28th day of February, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE