FILED

2018 Oct-23  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| VERTIS ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  7:16-cv-00649-KOB-SGC |
| | ) | |
| WARDEN WILLIE THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* second amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 33).  The plaintiff names the following defendants in the second amended complaint: Warden Christopher Gordy, Warden Willie Thomas, Classification Supervisor Bias, and Nurse Practitioner McKay.  (*Id.* at 1-3).  The plaintiff seeks monetary damages and injunctive relief.  (*Id.* at 7-8).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the second amended complaint was referred to the undersigned for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I.    STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against

government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or does not state a claim upon which relief can be granted.  *Id.*  Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to

2

relief.'"  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. 678. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level."  *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II.   PROCEDURAL HISTORY

On May 26, 2016, the plaintiff filed an amended petition for writ of habeas corpus on the form typically used to assert claims under 28 U.S.C. § 2241.  (Doc. 3).  On November 15, 2016, the undersigned recommended that the court dismiss the plaintiff's habeas corpus claims and recharacterize his remaining claims as invoking 42 U.S.C. § 1983.  (Doc. 12).   On February 28, 2017, the court accepted the undersigned's recommendation, dismissed the plaintiff's habeas claims, and recharacterized the remaining claims as invoking 42 U.S.C. § 1983.  (Doc. 16).  On March 23, 2017, the plaintiff filed a notice of interlocutory appeal.  (Doc. 19).  On

May 16, 2017, the Eleventh Circuit Court of Appeals dismissed the appeal, *sua sponte*, for lack of jurisdiction.  (Doc. 25).

On November 16, 2017, the undersigned notified the plaintiff that his claims under 42 U.S.C. § 1983, which appeared to concern inadequate medical care and conditions of confinement, were not directed at any particular defendant.  (Doc. 27).  The undersigned ordered the plaintiff to file an amended complaint, naming as defendants only those persons who violated his constitutional rights.  (*Id*. at 2).  The undersigned advised the plaintiff to clearly state how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred.  (*Id*.).

On December 11, 2017, the plaintiff filed an amended complaint, naming as defendants Warden Gordy and Warden Thomas.  (Doc. 29).  On February 1, 2018, the undersigned notified the plaintiff the amended complaint was also inadequate and directed him to file a second amended complaint.  (Doc. 31).  Specifically, the plaintiff named Gordy and Thomas as defendants and listed numerous causes of action but did not allege any supporting facts demonstrating how each defendant personally participated in any of the alleged constitutional violations. (*Id*.).  On February 20, 2018, the plaintiff filed a second amended complaint.  (Doc. 33).

## III.   FACTUAL ALLEGATIONS

Liberally construing the plaintiff's second amended complaint, he alleges Gordy, Thomas, and Bias have improperly classified him to the "most restrictive custody" within the Alabama Department of Corrections. (Doc. 33 at 5). He also claims Gordy and Thomas—by failing to reclassify him—are guilty of "kidnapping" him. (*Id*. at 6).

The plaintiff further complains that while he was incarcerated at Limestone Correctional Facility in 2015, prison officials sentenced him to 25 days in segregation, but Gordy detained him in segregation for six additional months, from October 2015 to April 2016. (Doc. 33 at 5, 7). The plaintiff states he is a chronic care patient and was denied exercise while confined to segregation. (*Id*.).

The plaintiff alleges that between 2015 and 2016, Nurse Stewart at Limestone Correctional Facility stopped his prescription medications. (Doc. 33 at 5). He also claims that between 2016 and 2017, Nurse McKay at Bibb Correctional Facility failed to "reduc[e] the bubbles" in the syringe before administering shots and caused him "excruciating pain" throughout his body, including his legs and back. (*Id*.). The plaintiff further contends that both Gordy and Thomas disregarded a medical order to transfer him to Hamilton Correctional Facility for medical treatment. (*Id*. at 5, 7).

5

As relief, the plaintiff seeks a pardon on all charges or "alternative sentencing," reclassification, and twenty million dollars.  (Doc. 33 at 7).

## IV.   ANALYSIS

### A.   <u>Official Capacity Claims</u>

To the extent the plaintiff's constitutional claims are brought against the defendants in their official capacities for money damages, his claims are due to be dismissed under the doctrine of sovereign immunity.  It is well established that the Eleventh Amendment bars § 1983 claims against the state or an agency of the state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Likewise, Eleventh Amendment immunity bars claims for money damages brought against state officials and employees in their official capacities. *Id*. at 101.

Based on the foregoing, the plaintiff's claims against the defendants in their official capacities for monetary damages are due to be dismissed for failing to state a claim upon which relief can be granted.  The remainder of this report addresses the plaintiff's individual capacity claims.

### B.   <u>Classification</u>

The plaintiff alleges Gordy, Thomas, and Bias have classified him to the most restrictive level of custody.  (Doc. 33 at 5).  However, the plaintiff has no constitutionally protected interest in his custody classification.  "In the state prison context, convicts have no due process right to any classification system beyond

6

that mandated by state law . . . [and] classification is a matter relegated to the discretion of prison officials." *Jones v. Diamond*, 594 F.2d 997, 1015 (5th Cir. 1979).[1]   Therefore, a change in the level of custody within a prison system does not infringe upon or implicate a liberty interest within the meaning of the Due Process Clause. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prison officials have full discretion to control conditions of confinement, including prisoner classification); *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison).  Based on the foregoing, the plaintiff's claims against Gordy, Thomas, and Bias concerning his custody classification are due to be dismissed for failing to state a claim upon which relief may be granted.

To the extent the plaintiff claims Gordy and Thomas are somehow guilty of "kidnapping" under Alabama Code § 13A-6-43 by failing to reclassify him, such claims are without merit.  (Doc. 33 at 4, 6).  Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Thus, the plaintiff has no standing to request imposition of criminal charges against these defendants.

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all prior decisions of the former Fifth Circuit.

### C.     Extended Segregation and Lack of Exercise

Next, the plaintiff alleges he was sentenced to 25 days in segregation while incarcerated at Limestone Correctional Facility in 2015.  (Doc. 33 at 5).  He contends Gordy detained him in segregation for an additional six months, from October 2015 to April 2016.  (*Id*. at 5, 7).  The plaintiff contends he is a chronic care patient and was not allowed to exercise while in segregation.  (*Id*. at 5).

Liberally construing the second amended complaint, the plaintiff alleges his prolonged confinement in segregation and lack of exercise violated his constitutional right to due process because it imposed an atypical and significant hardship on him.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  It further appears the plaintiff complains the conditions of confinement in segregation constituted cruel and unusual punishment under the Eighth Amendment.  *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) (federal courts have recognized exercise as a basic human need protected by the Eighth Amendment).

The undersigned recommends defendant Gordy respond to the plaintiff's claims concerning his extended confinement to segregation without exercise.

### D.     Medical Claims

The plaintiff alleges that from 2016 to 2017, Nurse Practitioner McKay, who works at Bibb Correctional Facility, administered injections with excessive air bubbles, causing "excruciating pain."  (*Id*.).  The plaintiff also contends Gordy and

Thomas disregarded a medical order to transfer him to Hamilton Correctional Facility for treatment.  (*Id*. at 5, 7).  The plaintiff further contends, third-party Nurse Stewart[2] stopped his prescribed medications in 2015 and 2016.  (Doc. 33 at 5).

    To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1306-07 (11th Cir. 2009).  The plaintiff has stated sufficient facts to warrant a response from (1) McKay regarding the allegedly improper injections; and (2) Gordy and Thomas regarding their alleged refusal to transfer the plaintiff to Hamilton Correctional Facility for treatment.

    ### E.    Habeas Claims

    For relief, the plaintiff requests that he be "pardon[ed] of all charges," or be granted "alternative sentencing," pending review.  (Doc. 33 at 7).  However, it is well settled that a prisoner who challenges the "fact or duration" of his confinement and seeks immediate or speedier release may only do so by way of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding

---

[2] The plaintiff has not named Nurse Stewart as a defendant in this action.  (Doc. 33).  Neither has the plaintiff moved to amend his complaint to name her as a defendant.  Therefore, the undersigned will not address the plaintiff's claims against this individual.

habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).  The plaintiff cannot obtain habeas relief under § 1983.  Accordingly, the plaintiff's requests for release or alternative sentencing are due to be denied.

## V.     RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this matter, except the plaintiff's due process and conditions of confinement claims against Warden Gordy and his medical claims against Nurse McKay, Warden Gordy, and  Warden Thomas be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.   28 U.S.C. § 1915A(b)(1).   The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

## VI.   NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.   Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint

that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice.  11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 23rd day of October, 2018.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

11