UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VERTIS ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:16-cv-00649-KOB-SGC |
| ) | |
| WARDEN WILLIE THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The magistrate judge entered a report on October 23, 2018, recommending all claims in this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, except for the plaintiff's (1) due process and conditions of confinement claims against Warden Gordy; and (2) medical claims against Nurse McKay, Warden Gordy, and Warden Thomas. (Doc. 34). The report further recommended the plaintiff's remaining claims be referred back to the magistrate judge for further proceedings. (*Id.*). On November 19, 2018, the plaintiff filed objections. (Doc. 37).

The plaintiff first objects to the referral of this matter to a magistrate judge. (Doc. 37 at 1). The district court has statutory authority to delegate non-dispositive pretrial matters to a magistrate judge for determination. *See* 28 U.S.C. §

1

636(b)(1)(A). The district court need not obtain the consent of the parties before assigning these matters to a magistrate judge. *Id.* at § 636(b)(1)(A)-(C). Therefore, the court **OVERRULES** the plaintiff's objections to the designation of a magistrate judge to this matter.

Next, the plaintiff appears to challenge his conviction and sentence. (Doc. 37 at 2-4, 8-9). A prisoner challenging the "fact or duration" of his confinement and seeking immediate or speedier release has but one remedy: a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The plaintiff cannot obtain habeas relief in this action under 42 U.S.C. § 1983. Additionally, any habeas claims were dismissed on February 28, 2017. (*See* Doc. 16). To the extent the plaintiff's objections seek reinstatement of his habeas claims, the court DENIES the request. (Doc. 37 at 9).

The plaintiff also restates his claims that his custody classification violates his constitutional rights. (Doc. 37 at 5, 7-8). However, the plaintiff's classification status does not infringe upon or implicate any liberty interest under the Due Process Clause. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008). Therefore, the plaintiff's claims against the defendants concerning his custody classification are due to be dismissed.

Also pending are the plaintiff's motions seeking bond and a twenty million dollar payment from the State of Alabama. (Docs. 38, 39). To the extent the plaintiff's motion seeks to amend his second amended complaint against the remaining defendants in their individual capacities to request twenty million dollars in monetary damages, the motion is **GRANTED**.[1] (Doc. 38). The plaintiff's motion for bail or bond is **DENIED**. (Doc. 39).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the plaintiff's objections are **OVERRULED**, the magistrate judge's report is **ADOPTED**, and the recommendation is **ACCEPTED**. The court **ORDERS** that all claims in this matter, except the plaintiff's due process and conditions of confinement claims against Warden Gordy and his medical claims against Nurse McKay, Warden Gordy, and Warden Thomas are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1). The court further **ORDERS** the remaining claims are **REFERRED** to the magistrate judge for further proceedings.

---

[1] The court notes that merely allowing the plaintiff to amend his complaint to request such an amount in no way means that the court approves such damages request or that the plaintiff is entitled to such an amount of damages *if* he first establishes liability.

DONE and ORDERED this 12th day of December, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE