UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VERTIS ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:16-cv-00649-KOB-SGC |
| ) | |
| WARDEN WILLIE THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed a report on August 7, 2019, recommending the defendants' motions for summary judgment be granted and the plaintiff's claims be dismissed with prejudice. (Doc. 75). The plaintiff filed objections to the report and recommendation on August 23, 2019, along with several motions. (Docs. 76-80).

In his objections, the plaintiff repeats his claims that defendant Gordy prolonged his confinement in disciplinary segregation for six months and denied him exercise. (Doc. 76 at 6-7). However, the plaintiff does not address the magistrate judge's findings that he was transferred to Limestone after the plaintiff completed his disciplinary segregation time at Draper. And at Limestone, he was assigned to the RHU in Preventative status, not disciplinary segregation. (Doc. 75 at 8-10). Although the plaintiff complains that in the RHU he was only allowed to

walk outside while restrained (Doc. 76 at 7), the plaintiff does not allege he was denied all forms of exercise (Doc. 75 at 10-12). Neither does the plaintiff allege he was prohibited from exercising in his cell. *See Saunders v. Sheriff of Brevard Cty.*, 735 F. App'x 559, 566 (11th Cir. 2018).

Next, the plaintiff restates his allegation that defendant McKay was deliberately indifferent to his medical needs by administering injections of medications without purging the air bubbles from the syringe. (Doc. 76 at 8). McKay disputes giving the plaintiff medications intravenously and further contends no air bubbles were in medications she administered to him subcutaneously. (Doc. 75 at 14-15). But even if plaintiff's allegations are true, he has not introduced any medical evidence demonstrating (1) the bubbles, in fact, caused his pain; or (2) he ever sought medical treatment for this complaint. So the record lacks any evidence of evidence that McKay was deliberately indifferent to the plaintiff's serious medical needs.

To the extent the plaintiff complains that defendants Gordy and Thomas disregarded an order to transfer him to Hamilton A & I, the plaintiff has not shown the existence of such an order, much less that Gordy and Thomas had knowledge of it.

Also pending are the plaintiff's motions seeking (1) to reinstate his first amended complaint (doc. 77); (2) to subpoena an inmate as a witness (doc. 78); (3)

2

an order directing the defendants to undergo a mental evaluation (doc. 79); and (4) production of video surveillance showing his refusal of medical treatment (doc. 80). Upon due consideration, the motions are **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation. (Doc. 75). Accordingly, the defendants' motions for summary judgment are due to be granted.

The court will enter a separate Final Order.

DONE and ORDERED this 18th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE